Case 2:24-cv-00091   Document 14   Filed on 06/04/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANNY MIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00091 |
| | § | |
| CROSS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS CASE

Plaintiff Danny Mixon, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For the reasons stated below for purposes of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned respectfully recommends that:

- Plaintiff's Eighth Amendment failure-to-protect claims against Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief as they are barred by the running of the applicable statute of limitations; and

- the dismissal of this case **COUNTS** as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. See 28 U.S.C. § 1915(g).

**I.     JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Wayne Scott Unit in Richmond, Texas. Plaintiff's allegations in this case arise in connection with his former housing assignment at the McConnell Unit in Beeville, Texas.

Plaintiff sues the following defendants in this action: (1) Correctional Officer Cross; (2) Major Osobrook; and (3) Sergeant John Doe. (D.E. 1, p. 1). As directed by the Court, Plaintiff filed a More Definite Statement in which he explains his claims in more detail. (D.E. 11). Plaintiff alleges the following pertinent facts in his Original Complaint (D.E. 1) and More Definite Statement (D.E. 11):

- Plaintiff arrived at the McConnell Unit on February 4, 2004.

- Sometime between September and November 2014, Plaintiff became involved in an altercation with inmates who were members of the "Crips."

- As a result of the altercation, Plaintiff was placed in segregation.

- Members of the Crips told Plaintiff that, if he returned to general population, they were going to attack and seriously injure Plaintiff.

- Within two weeks of the altercation, Plaintiff was placed back in general population.

- According to Plaintiff, Major Osobrook removed Plaintiff's "racial restrictions" and "put [him] in the pod with the [C]rips who were black."

- Plaintiff wrote an I-60 to "Safe Prisons."

- According to Plaintiff, "Safe Prisons" is a "branch of TDCJ that is responsible for keepin[g] inmates safe" and tasked with removing inmates from dangerous situations.

- Sergeant John Doe took the I-60 and communicated he would get back to Plaintiff.

- Sergeant John Doe never responded back to Plaintiff.

- Officer Cross, who was not part of "Safe Prisons" but rather "the chain boss," came to see Plaintiff on the same day he filed the I-60.

- According to Plaintiff, a "chain boss" is responsible for informing inmates about packing their property and being transferred.

- Plaintiff told Officer Cross that he could not stay on the unit any longer due to the threat by the Crips.

- Officer Cross laughed, informed Plaintiff he could not file an Offender Protection Investigation ("OPI") and told Plaintiff to return to his cell.

- Officer Cross withheld information from John Doe Sergeant, specifically that she told Plaintiff he could not file an OPI.

- The Crips assaulted Plaintiff the following day, sometime in October 2014, with a fan motor while Plaintiff was in the pill line.

- Plaintiff was injured so badly he was life flighted off the McConnell Unit to the John Sealy Hospital in Galveston, Texas.

- Plaintiff suffered a huge gash on his skull, a concussion, and severe brain trauma.

- A month later, Plaintiff was taken to the Estelle Unit.

- Plaintiff returned to the McConnell Unit in December 2014.

- After returning to the McConnell Unit, Plaintiff met with John Doe Sergeant No. 2, who was a "Safe Prison Sergeant."

- John Doe Sergeant No. 2 asked Plaintiff if he wanted to file an OPI.

- John Doe Sergeant No. 2 informed Plaintiff he would help Plaintiff file an OPI and bring charges against Officer Cross.

- At an OPI hearing conducted in December 2014, Major Osobrook "over talked [Plaintiff] on everything" and decided to transfer Plaintiff to another unit.

- Plaintiff states he was very confused at the OPI hearing due to having brain damage.

- Plaintiff suffers from ongoing mental problems as a result of the violent attack, including visual and auditory hallucinations.

- In 2017, Plaintiff was diagnosed with schizophrenia and psychosis.

(D.E. 1, pp. 4, 6-7, D.E. 11, pp. 1-2).

Plaintiff claims that Defendants violated his Eighth Amendment rights by failing to protect him from violent assault by inmates associated with the Crips gang. (D.E. 1, pp. 3-4; D.E. 11, pp. 2-3). In addition to monetary relief, Plaintiff seeks injunctive relief in the form of certain policy change. (D.E. 11, p. 3).

### III. GOVERNING LAW

#### A. Legal Standard for Screening of Plaintiff's Action

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give

rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

### B. Relevant law regarding 42 U.S.C. § 1983

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

In determining whether to retain or dismiss Plaintiff's Eighth Amendment failure-to-protect claims, it is necessary to consider whether they are barred by the running of the applicable statute of limitations. A district court shall dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that a *pro se* plaintiff's claims are barred by the applicable statute of limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th

Cir. 1999); *see also Davis v. Young*, 624 F. App'x 203, 207 (5th Cir. 2015) ("A district court may raise the defense of limitations *sua sponte* in an action under § 1915[.]").

Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Accrual of a § 1983 claim is governed by federal law. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). "Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Russell v. Bd. of Trustees.*, 968 F.2d 489, 493 (5th Cir. 1992) (internal quotations and citation omitted). "The plaintiff does not need to know that he has a legal cause of action, he only needs to know the facts that would support a legal claim." *Cathey v. Davis*, No. 9:20cv141, 2020 WL 13724457, at *2 (E.D. Tex. Jul. 7, 2020) (citing *Piotrowski*, 237 F.3d at 576).

Here, all of the events described by Plaintiff occurred in 2014. A review of Plaintiff's Original Complaint and More Definite Statement reflects that he suffered injuries in October 2014 when he was allegedly attacked by members of the Crips with a motor fan. Thus, at the latest, Plaintiff became aware of the facts supporting his Eighth Amendment failure-to protect claims against each defendant in October 2014. The two-year limitations period, therefore, expired sometime in October 2016.

Under the prison mailbox rule, a *pro se* inmate's § 1983 complaint is filed as soon as the pleadings have been deposited into the prison mail system. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (per curiam). Giving Plaintiff the benefit that he placed his complaint in the prison mail system on the day he signed the complaint, the earliest day of filing would be April 10, 2024. (D.E. 1, p. 5). Because Plaintiff's claims accrued at the latest sometime in October 2014, they are time barred due to the running of the applicable two-year statute of limitations. Indeed, Plaintiff filed this lawsuit around nine and a half years after he should have been aware of the facts giving rise to failure-to-protect claims and around seven and a half years after the limitations period had expired.

In applying Texas's two-year statute of limitations, federal district courts should give effect to any applicable statutory tolling provisions. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). In his pleadings, Plaintiff argues that he suffered numerous medical and psychological issues after being attacked in October 2014. However, Plaintiff has not alleged he was incapable of filing a civil rights lawsuit raising these claims due to any medical incapacity suffered continuously over the last nine and a half years. Furthermore, the undersigned has found no relevant Texas authority to support any claim the limitations period should be tolled during the time Plaintiff experienced these medical issues following the Crips' attack. *See Moore v. Collier*, No. H-20-2048, 2020 WL 3250983, at *3 (S.D. Tex. Jun. 16, 2020) (Ellison, J.).

Lastly, Texas state law recognizes the doctrine of "equitable tolling" applicable in very limited circumstances. "The equitable tolling principles of the forum state control in section 1983 cases." *Moore*, 2020 WL 3250983, at *3 (citing *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764, (5th Cir. 2015)). "Under Texas law, equitable tolling is a sparingly invoked doctrine, to be used only in cases where the plaintiff has excusable ignorance of the limitations period and has shown diligence in pursuing his rights. *Id.* (citing *Montgomery v. Hale*, 648 F. App'x 444, 444 (5th Cir. 2016)). Here, Plaintiff alleges no circumstances warranting any equitable tolling under Texas law. His allegations fail to show he was unable to pursue the claims raised in this lawsuit before the expiration of the two-year limitations period.

Accordingly, the undersigned respectfully recommends that Plaintiff's Eighth Amendment failure-to-protect claims against Defendants be dismissed with prejudice as time barred.

## V.    RECOMMENDATION

For the reasons stated above and for purposes of § 1915A and §1915(e)(2), the undersigned respectfully recommends that:

- Plaintiff's claims against Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief as they are barred by the running of the applicable statute of limitations;

- the dismissal of this case **COUNTS** as a "strike" for purposes of 28 U.S.C. § 1915; and

- the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on June 4, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).